NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 4 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  COMPLAINT AND PETITION OF BLUE WATER BOATING, INC.  AND SKIP ABED AS OWNERS OF A SUP FOR EXONERATION FROM OR LIMITATION OF LIABILITY, _____ BLUE WATER BOATING, INC.; SKIP ABED, Petitioners-Appellants, v. AGNES NABISERE MUBANDA; SOLOMON SSEMWANGA; CITY OF SANTA BARBARA, Claimants-Appellees. | No.    18-55575 D.C. No. 2:18-cv-01231-JFW-AS MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted November 6, 2019
Pasadena, California

Before:  MURGUIA and HURWITZ, Circuit Judges, and GUIROLA,** District

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Judge.

Skip Abed and Blue Water Boating, Inc. (collectively, "Blue Water") rent watersports equipment to the public. Davies Kabogoza's survivors filed a wrongful death and survival action against Blue Water in California state court after Kabogoza drowned in the Santa Barbara Harbor while using a stand-up paddleboard ("SUP") rented from Blue Water. Blue Water then filed an action in federal court seeking to limit its liability to the value of the SUP.[1] The district court dismissed that action for lack of subject matter jurisdiction. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Tort claims invoking a federal court's admiralty jurisdiction under 28 U.S.C. § 1333 must satisfy the location and maritime nexus tests, which require that: (1) the alleged tort occur on navigable waters; (2) the alleged tort have the potential to disrupt maritime commerce; and (3) the general character of the activity giving rise to the tort have a substantial relationship to traditional maritime activity. *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534, 538–40 (1995). Even assuming arguendo that the first and second of these requirements

---

**     The Honorable Louis Guirola, Jr., United States District Judge for the Southern District of Mississippi, sitting by designation.

[1]     Blue Water sought to avail itself of the protections of the Limitation of Liability Act, 46 U.S.C. § 30505 *et seq.*, which allows vessel owners to limit their liability under certain circumstances.

are met, we affirm the district court's order of dismissal because the complaint does not allege a sufficient relationship to traditional maritime activity.[2]

Before invoking admiralty jurisdiction, a federal court must "ask whether a tortfeasor's activity . . . on navigable waters is so closely related to activity traditionally subject to admiralty law that the reasons for applying special admiralty rules would apply." *Grubart*, 513 U.S. at 539–40. Although the case law often associates "traditional maritime activity" with activity involving vessels,[3] neither 28 U.S.C. § 1333 nor the maritime nexus test expressly require the involvement of a vessel. Rather, we focus on the underlying activity at issue. *See Ali v. Rogers*, 780 F.3d 1229, 1235 (9th Cir. 2015).

---

[2]    The parties do not dispute that the Santa Barbara Harbor is a body of navigable water. We assume arguendo that the district court properly found the second requirement satisfied.

[3]    *See Sisson v. Ruby*, 497 U.S. 358, 365 (1990) (finding admiralty jurisdiction over an incident involving a vessel's storage and maintenance at a marina); *Foremost Ins. Co. v. Richardson*, 457 U.S. 668, 677 (1982) (finding admiralty jurisdiction over a collision between two vessels); *Exec. Jet Aviation, Inc. v. City of Cleveland*, 409 U.S. 249, 274 (1972) (declining to extend admiralty jurisdiction over a plane crash in navigable waters); *Mission Bay Jet Sports*, 570 F.3d at 1129 (extending admiralty jurisdiction to an incident involving a jet ski); *Gruver v. Lesman Fisheries Inc.*, 489 F.3d 978, 986 (9th Cir. 2007) (finding admiralty jurisdiction over a wage dispute for maritime services performed aboard a commercial vessel); *Taghadomi v. United States*, 401 F.3d 1080, 1082, 1087, 1090 (9th Cir. 2005) (finding the location and nexus tests satisfied in incident involving Coast Guard search-and-rescue operations, but affirming summary judgment on other grounds).

3

Here, "the general character of the activity giving rise to the incident" does not have "a substantial relationship to traditional maritime activity." *See In re Mission Bay Jet Sports, LLC*, 570 F.3d 1124, 1127 (9th Cir. 2009) (quoting *Grubart*, 513 U.S. at 539). Blue Water's alleged negligence involved the rental of a SUP. Traditional maritime activity, however, generally relates to specialized rules and technical concepts of maritime commerce such as "maritime liens, the general average, captures and prizes, limitation of liability, cargo damage, and claims for salvage," *see Exec. Jet*, 409 U.S. at 270, as well as the navigation, storage, and maintenance of traditional vessels, *see Grubart*, 513 U.S. at 539–40. Those are not at issue here. Blue Water's alleged negligence lacks both "maritime flavor," *Ali*, 780 F.3d at 1235, and a "close[] relat[ion] to activity traditionally subject to admiralty law," *Gruver*, 489 F.3d at 983 (quoting *Grubart*, 513 U.S. at 538). And there is no reason why special admiralty rules should apply. *See Grubart*, 513 U.S. at 539–40.[4]

**AFFIRMED.**[5]

---

[4] For similar reasons, Blue Water's alternative argument that admiralty contract jurisdiction applies, based on the release of liability form Kabogoza signed, is unavailing. *See Ali*, 780 F.3d at 1235 ("Federal courts have admiralty jurisdiction over a contract 'if its subject matter is maritime.'"). None of the claims before the federal district court or state court were contract claims. And the Limitation Act does not, as Blue Water contends, independently support admiralty jurisdiction. *See Seven Resorts, Inc. v. Cantlen*, 57 F.3d 771, 772–73 (9th Cir. 1995).

[5] Appellees' request for judicial notice, Dkt. 19, is denied.

4